```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

MICHAEL RAY PHILLIPS,            )
                                 )
            Plaintiff,           )
                                 )
v.                               ) No. CIV-07-77-FHS
                                 )
NORTHEAST OKLAHOMA ELECTRIC      )
INC.; NORTHEAST RURAL SERVICES   )
a/k/a Royal Electric Corporation )
and Rural Electric Cooperative;  )
EXPRESS PERSONNEL SERVICES;      )
JOHN and JANE DOES NOS. 1-10;    )
                                 )
            Defendants.          )

## OPINION AND ORDER

On October 9, 2007, this matter came on for hearing on Plaintiff's Motion To Extend Discovery (Doc. #123) and Plaintiff's Motion To Compel Discovery (Doc. #124). Having heard the arguments of counsel, the Court finds that Plaintiff's Motion To Extend Discovery should be denied and Plaintiff's Motion To Compel Discovery should also be denied, except that Plaintiff's counsel will be allowed to view and photograph the bucket truck and crew cab at the premises of Defendants, Northeast Oklahoma Electric Cooperative, Inc. and Northeast Rural Services ("Northeast"), at a mutually convenient time.

The discovery deadline in this case was September 28, 2007. Plaintiff seeks an extension of that deadline and others, including the pretrial conference and trial dates, to conduct additional discovery related to other documents not received from Defendant,

1

Express Personnel Services ("Express")[1], an inspection of the bucket truck and crew cab, and a handwriting analysis of the narrative portion of a statement signed by Plaintiff regarding the bucket truck incident. These requests, either individually or collectively, do not warrant an extension of the discovery deadline and other dates, including the trial date of November 13, 2007.

First, no extension is necessary with respect to the viewing of the bucket truck and crew cab as the Court is allowing counsel to view and photograph the bucket truck and crew cab. The Court does not perceive any additional discovery issues arising from counsel's viewing, as this undertaking is merely a tool for counsel to familiarize himself with the machinery and is not a means for any "reconstruction" of the incident - a "reconstruction" which would not be admissible on the issue of whether the bucket truck incident was accidental or intentional.

Second, an extension is not warranted based on Plaintiff's assertion that additional discovery time is necessary to investigate information from a "file" kept on Northeast by Express employee, Brooke Bennett, an accident report by Express, and a handwriting analysis of Plaintiff's statement regarding the bucket truck incident. Plaintiff argues an extension is necessary as the Express documents have not been turned over to him and he needs additional time to hire a handwriting expert. The Court disagrees. The mere fact that certain documents may not have been produced by Express to Plaintiff, as of this date, does not warrant an extension of the current deadlines. If Plaintiff believes his trial preparation has been hindered by Express's failure to comply

---

[1] Plaintiff and Express reached a settlement during the settlement conference before Magistrate Judge West on September 27, 2007.

with its discovery obligations, the Federal Rules of Civil Procedure provide Plaintiff with ample means to enforce any discovery obligations imposed on Express.  A continuance of this action against Northeast is certainly not justified, however, based on Plaintiff's mere speculation as to the materiality of the information in documents, the production of which Plaintiff has yet to seek to compel from Express.  If, at some point, Plaintiff secures the production of such documents from Express, either voluntarily or through court order, a request for an extension of the deadlines could properly be evaluated against the backdrop of the contents of such documents.  Until then, the Court concludes there is no prejudice to Plaintiff in adhering to the current deadlines.

Finally, the Court finds no basis for a continuance arising from Plaintiff's suggestion for the need of a handwriting analysis. Plaintiff's statement was available to Plaintiff and his counsel long before the close of the discovery period on September 28, 2007.  If there were issues regarding this statement which necessitated the hiring of a handwriting expert, Plaintiff had ample opportunity to conduct whatever analysis he desired and/or seek court intervention long ago. Moreover, both parties agree the signature on the statement is Plaintiff's and that the narrative portion was not written by Plaintiff.  Plaintiff wishes to make an issue out of who transcribed the narrative portion of the statement.  It is Plaintiff's position that a Northeast employee transcribed the narrative and that all Northeast employees have denied knowledge of Plaintiff's complaints about alleged acts of discrimination, including the bucket truck incident, until after suit was filed by Plaintiff; thus, credibility issues arise if the narrative of the bucket truck incident was transcribed by one of these employees.  The Court finds this to be nothing more than a

phantom issue. According to counsel, Plaintiff will testify that he doesn't even know who transcribed the narrative portion of the document he signed. However implausible that statement might be - given that the content of such statement must have been provided by Plaintiff - the Court concludes Plaintiff must first be able to identify the transcriber of a statement he clearly has adopted as his own before any credibility issues are implicated with respect to a particular Northeast employee. To allow Plaintiff to proceed otherwise under the guise of the "credibility of witnesses," without the foundation of the credibility of a specific individual being placed in issue, is not warranted.

Based on the foregoing reasons, Plaintiff's Motion To Extend Discovery (Doc. # 123) is denied and Plaintiff's Motion To Compel Discovery (Doc. # 124) is denied, except that Plaintiff's counsel will be allowed to view and photograph the bucket truck and crew cab at Northeast's premises at a mutually convenient time.

It is so ordered this 10th day of October, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma